

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-1-2005

# Turner v. Donnelly

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4010

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Turner v. Donnelly" (2005). *2005 Decisions.* Paper 172.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/172

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4010

WILLIAM D. TURNER,
Appellant

v.

WILLIAM E. DONNELLY, THE PROTHONOTARY; S. GERALD CORSO, THE
PRESIDENT JUDGE; COUNTY OF MONTGOMERY; D. MICHAEL FISHER, THE
HONORABLE ATTORNEY GENERAL

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-00823)
District Judge: Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
October 20, 2005

Before: BARRY, STAPLETON AND GREENBERG, CIRCUIT JUDGES

(Filed: December 1, 2005)

OPINION

PER CURIAM,

Appellant, William Turner, appeals from the District Court's order granting

defendants' motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), and its

subsequent orders denying his requests for reconsideration and relief pursuant to Fed. R.

Civ. P. 60(b). We exercise plenary review over a District Court's order dismissing a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, see McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996), and review the District Court's orders denying his motions filed under Rules 59(e) and 60(b) for an abuse of discretion. See Le v. Univ. of Pennsylvania., 321 F.3d 403, 405-06 (3d Cir. 2003); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003). We will affirm a dismissal for failure to state a claim if we can "say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McDowell, 88 F.3d at 189 (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). For the reasons that follow, we will affirm the District Court's order.

Because we write for the parties, we will briefly summarize only those facts essential to our disposition of this appeal. In March 2004, Turner filed the underlying civil rights action against the Prothonotary of the Montgomery County Court of Common Pleas, William Donnelly, President Judge S. Gerald Corso, Montgomery County, and former Pennsylvania Attorney General, Michael Fisher. Turner alleged violations of his rights to due process, equal protection and access to the courts. In particular, Turner asserted that Donnelly mishandled certain filings (and, in particular, his notice of appeal), that President Judge Corso failed to take any action to have the notice of appeal filed, and that Montgomery County lacks an appropriate "ordinance" to control such actions.

The District Court summarily dismissed Turner's claims against Judge Corso on grounds of judicial immunity. See Stump v. Sparkman, 435 U.S. 349 (1978). Turner's

2

claims against former Attorney General Fisher were likewise dismissed insofar as appellant failed to allege any involvement by Fisher in the subject matter of the complaint, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)(no respondeat superior liability in § 1983 cases), and because Fisher would enjoy absolute immunity from liability for money damages under § 1983 for actions taken within the scope of his duties as prosecutor. See Imbler v. Pachtman, 424 U.S. 409, 410 (1976). The court initially allowed the claims against Donnelly and Montgomery County to proceed.

Defendants responded by filing a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction under the Rooker-Feldman doctrine[1], or, alternatively, under Rule 12(b)(6), claiming Turner failed to state a claim against them. In considering this motion, the District Court concluded that the Rooker-Feldman doctrine is inapplicable insofar as Turner's federal action involves different defendants and the claims set forth therein are not the same as those brought before the Montgomery County court.[2] The court further determined that Turner's claims were not "inextricably intertwined" with his state court action since he was not trying to modify the state court judgment, but rather was seeking a judgment against Prothonotary Donnelly and

---

[1]The Rooker-Feldman doctrine embodies the principles set forth by the Supreme Court in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[2]Turner had initiated an action in June 2001 in the Montgomery County Court of Common Pleas as a result of a $3000 charge assessed against him by the Department of Corrections for medical costs associated with treating another inmate he allegedly attacked. The Court of Common Pleas, however, entered an order on November 12, 2002, dismissing the action insofar as Turner did not make proper service and failed to serve the complaint within the limitations period. Turner's attempt to have his appeal from that decision filed *via* mandamus was rejected by the Pennsylvania Supreme Court.

3

Montgomery County for their conduct in failing to file his appeal in the state action. The District Court did, however, agree with defendants' contention that Turner's claims against Donnelly should be dismissed pursuant to Rule 12(b)(6) since the state court action was properly dismissed as time-barred, and because, insofar as the claim against Donnelly was in his individual capacity, appellant did not sufficiently plead Donnelly's personal involvement in the alleged harm. Turner's claim against Montgomery County fared no better as the District Court concluded that he identified no policy or custom of the local government that caused his injury as required by Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1974). Accordingly, the District Court granted defendants' motion and dismissed Turner's complaint. The court subsequently denied Turner's timely-filed motions for reconsideration, as well as his motion seeking relief from judgment under Fed. R. Civ. P. 60(b)(4). This timely appeal followed.

Based upon our independent review, we must agree with the District Court's determination that Turner's complaint fails to state a claim upon which relief can be granted for essentially the reasons set forth in the District Court's opinion. We add only the following with respect to Turner's claim against defendant Donnelly. Even assuming that Turner did not have to prove that his appeal had merit and that merely being deprived of appellate review is an injury sufficient to satisfy the dictates of Lewis v. Casey, 518 U.S. 343, 352 (1996),[3] the District Court properly concluded that appellant failed to

---

[3]The Supreme Court stated in Lewis that claims which are found, *inter alia*, to have been procedurally defaulted are not the equivalent of a frivolous claim. Id. at 353 n.2. See also Grayson v. Mayview State Hosp., 293 F.3d 103, 112 (3d Cir. 2002)(noting the Supreme Court's explanation in Neitzke v. Williams, 490 U.S. 319, 329 (1989), that "complaints that fail to state a claim are not necessarily 'frivolous,' and that the term applies to 'a more limited set of claims'....").

4

sufficiently plead Donnelly's personal involvement or to identify a policy or custom that caused his injury. As we have repeatedly stated, "a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, – F.3d –, 2005 WL 2179883, *7 (3rd Cir. Sept. 12, 2005). Additionally, "[w]hile we appreciate that the discovery process is designed to enable a plaintiff ... to undercover [sic] evidence that may support the allegations set forth in a complaint, a court is not required to assume that a plaintiff can prove facts not alleged." Id., citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n. 13 (3d Cir.1998). Unlike Turner's subsequent allegations that Donnelly returned various "petitions" to him because his case was "inactive," Turner makes no such allegations regarding Donnelly's handling of his notice of appeal.

Moreover, the Supreme Court has removed negligent denials of access from the reach of § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986). Turner's allegations suggest little more than a failure to exercise reasonable care in the processing of his mis-captioned and mis-directed notice of appeal.[4] See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1277 (3d Cir. 1994) (a negligent deprivation will not sustain a § 1983 claim). See also Snyder v. Nolen, 380 F.3d 279, 291 n.11 (7th Cir. 2004)("[A]n allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts."); Pink v. Lester, 52 F.3d 73, 76 (4th Cir.

---

[4]We note that although a copy of the notice of appeal which Turner mistakenly submitted to the Clerk's Office (as opposed to the Prothonotary's Office) and which had been stamped "received" was not provided to the District Court, appellant did attach a copy of his original notice to his Rule 59(e) motion, and thus made at least that copy part of the record.

1995)(same).

Accordingly, we will affirm the District Court's orders dismissing Turner's complaint and denying his post-judgment motions. See Hi Tech Trans, LLC v. New Jersey, 382 F.3d 295, 297 (3d Cir. 2004), citing Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (court of appeals may affirm for any reason supported by the record).