

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2007

# Olaniyi v. Alexa Cab Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3104

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Olaniyi v. Alexa Cab Co" (2007). *2007 Decisions.* Paper 1362.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1362

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3104

ADEGOKE OLANIYI; LAMINE SANOU;
SOLANGE CHADDA; OLAH BESSID;
FENELON NORELIEN

v.

ALEXA CAB CO; TOMORROW FINANCING;
FIRST KEYSTONE; MIKE ETEMAD; CHRIS STEWART;
BANCO POPULAR; RANA CAB CO

Solange Chadda,
                                        Appellant
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-05250)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
April 2, 2007

Before: RENDELL, COWEN and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed: April 3, 2007)
_____

OPINION
_____

PER CURIAM

    Appellant Solange Chadda, along with four others, filed a complaint and amended

complaint in the United States District Court for the Eastern District of Pennsylvania

styled as a class action suit seeking damages against numerous defendants for their alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964 ("RICO").  Chadda's main allegations focused on fraud with respect to certain mortgage transactions.  Defendants filed motions to dismiss the complaints pursuant to, inter alia, Fed. R. Civ. P. 12(b)(1) and (6).  After allowing for the filing of amended complaints, the District Court conducted two hearings at the conclusion of which it granted defendants' motions and dismissed Chadda's complaint.  This timely appeal followed.[1]

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision to grant defendants' motions to dismiss.  See Petruska v. Gannon University, 462 F.3d 294, 299 and n.1 (3d Cir. 2006).  We accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom.  Id.  We will affirm a dismissal for failure to state a claim if we can "say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'"  McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  For the reasons that

---

[1]  We note that only the appeal of appellant Chadda is before the Court.  The appeals filed by her co-plaintiffs and docketed at C.A. Nos. 06-3105 and 06-3106 were procedurally terminated by the Clerk without judicial action pursuant to L.A.R. 3.3 and L.A.R. Misc. 107.1(a).

follow, we will affirm the District Court's order of dismissal.

Initially, we note our agreement with appellee Banco Popular's position that the District Court's alleged violation of Fed. R. Civ. P. 24 does not warrant relief from this Court. Put quite simply, the District Court did not improperly permit Mr. Heartmann St. Croix to intervene in the proceedings below as asserted by Chadda in her informal appellate brief. The record clearly shows that, while the District Court allowed Mr. St. Croix to offer testimony at one of the hearings, Mr. St. Croix did not seek to intervene in the underlying proceedings and the court understood that he was not a plaintiff in this particular lawsuit. See N.T. from Hearing of 5/16/06 at p. 43.

We further agree with the District Court's determination that Chadda's complaint suffered from numerous fatal deficiencies. As the District Court noted, to the extent Chadda and her co-plaintiffs were simply seeking to challenge the decision issued by Judge Sanchez in Sanou, et al. v. Etemad, E.D. Pa. Civ. No. 05-cv-03871, they were required to do so by filing a motion for reconsideration in that case or seeking appellate review of the order of dismissal in this Court.

Additionally, the federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The District Courts have jurisdiction over federal questions, see 28 U.S.C. § 1331, and actions involving parties of diverse citizenship when there is a certain minimum amount in controversy. See 28 U.S.C. § 1332(a). While the RICO authorizes civil suits by any persons injured in their business or property by reason of a violation of 18 U.S.C. § 1962, see Kehr Packages, Inc. v.

3

<u>Fidelcor, Inc.</u>, 926 F.2d 1406, 1411 (3d Cir. 1991), the allegations of mortgage fraud and identity theft set forth in Chadda's amended complaint do not state such a claim.  <u>See</u> <u>Lum v. Bank of America</u>, 361 F.3d 217, 223-24 (3d Cir.2004) (In order to plead a violation of RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," and must satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b) where the claim is based on a predicate act of fraud.).  <u>See</u> <u>also</u> <u>Kehr Packages</u>, 926 F.2d at 1412 (noting that the Supreme Court stressed in <u>H.J. Inc. v.</u> <u>Northwestern Bell Telephone Co.</u>, 492 U.S. 229, 239 (1989), that a plaintiff must show "that the racketeering acts are related, *and* that they amount to or pose a threat of continued criminal activity.").

The District Court was thus correct to conclude that Chadda's complaint fails to state a claim under its federal question jurisdiction, and that her fraud allegations – which are between parties who are not diverse –  must be pursued in state court.  <u>See</u> 28 U.S.C. § 1332(a)(1);  <u>Midlantic Nat'l Bank v. Hansen</u>, 48 F.3d 693, 696 (3d Cir. 1995) (recognizing that to satisfy § 1332(a)(1) jurisdiction no plaintiff can be a citizen of the same state as any defendant).  Accordingly, we will affirm the District Court's final order of dismissal.