**Thomas Kevin McDOWELL, Appellant,**

v.

**DELAWARE STATE POLICE; John Campanella, Detective; Peachey, Trooper; Romanelli, Trooper; Simpson, Trooper.**

No. 96–7058.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a)

May 22, 1996.

Decided July 5, 1996.

Thomas K. McDowell, Oxford, Pennsylvania, Pro Se.

Jeffrey M. Taschner, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for Appellees.

Before: BECKER, McKEE and GARTH, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

Thomas Kevin McDowell appeals from the district court's dismissal of his *pro se* complaint, which asserted a claim under 42 U.S.C. § 1983. The district court had dismissed McDowell's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), on statute of limitations grounds. McDowell had filed the original complaint, minus the filing fee, within the applicable two-year limi-

tations period but did not file an application to proceed *in forma pauperis* (IFP) until some fourteen months later, outside of the limitations period. The district court granted McDowell's IFP application but deemed the complaint filed as of the date the IFP application had been submitted, and accordingly dismissed the complaint as time-barred. We conclude that the filing date relates back to the date that McDowell originally filed his complaint and reverse.

## I.

The district court had subject matter jurisdiction over McDowell's section 1983 claim under 28 U.S.C. §§ 1331, 1343. Our appellate jurisdiction rests on 28 U.S.C. § 1291.

We exercise plenary review over the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Malia v. General Elec. Co.*, 23 F.3d 828, 830 (3d Cir.), *cert. denied*, 115 S.Ct. (1994); *Unger v. National Residents Matching Program*, 928 F.2d 1392, 1394 (3d Cir.1991). We cannot affirm the dismissal unless we can "say with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

## II.

On October 25, 1993, McDowell filed with the clerk of the district court a pleading denominated "Motion for Compensation," which in substance, if not form, appeared to be intended as a complaint. McDowell failed to enclose either the required filing fee of $120 or an application to proceed *in forma pauperis*. McDowell did, however, include a certificate of service, which indicated that the Delaware State Police, a defendant in the action, had been served with the pleading.

The clerk did not docket the complaint or open a case file, but rather sent McDowell a letter, dated October 25, 1993, advising McDowell that the "motion" could not be considered unless McDowell filed a complaint which comported with the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware. That letter further advised McDowell that he had to submit either a filing fee of $120 or a request to proceed *in forma pauperis*. The letter also indicated that a form for requesting leave to proceed *in forma pauperis* had been included with the letter.

McDowell responded almost fourteen months later in a letter dated December 14, 1994. The letter stated that McDowell had intended that the "Motion for Compensation" be treated as a complaint. The letter noted that no IFP application had been enclosed with the clerk's October 23, 1993 letter, as promised. Enclosed with McDowell's letter was a completed IFP application and a properly drafted complaint, naming the Delaware State Police and four individual state troopers [1] as defendants.[2]

The district court granted McDowell leave to proceed *in forma pauperis*, directed the clerk to docket the case, and ordered that the complaint be served on the defendants. The defendants then moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

The district court, noting that Rule 5(e)[3] of the Federal Rules of Civil Procedure requires the district court clerk to accept papers that do not conform to the Federal

Rules of Civil Procedure or the local rules, held that McDowell's October 25, 1993 pleading should be deemed a complaint although improperly captioned as a "Motion for Compensation." Hence the district court concluded that "[p]laintiff's complaint was thus filed within the [two-year] limitations period." The district court nevertheless dismissed McDowell's complaint as untimely on the grounds that McDowell's delay in requesting leave to proceed *in forma pauperis* rendered the timely filed complaint untimely.

McDowell filed a timely appeal from the district court's December 11, 1995 order.

### III.

The Supreme Court has held that the state statute of limitations for personal injury actions applies to section 1983 claims. *See Owens v. Okure,* 488 U.S. 235, 239, 109 S.Ct. 573, 576, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia,* 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985); *Smith v. City of Pittsburgh,* 764 F.2d 188, 194 (3d Cir.), *cert. denied,* 474 U.S. 950, 106 S.Ct. 349, 88 L.Ed.2d 297 (1985). In Delaware, the limitations period for a personal injury claim is two years. Del.Code Ann. tit. 10, § 8119 (1974); *see also, e.g., Bechtel v. Robinson,* 886 F.2d 644, 647 n. 3 (3d Cir.1989); *Gardner ex rel. Gardner v. Parson,* 874 F.2d 131, 141 n. 15 (3d Cir.1989).

In the present case, McDowell tendered his complaint for filing on October 25, 1993, just barely within two years of October 26, 1991, the date of the alleged violation of

---

1. The defendant state troopers are Detective John Campanella and Troopers Peachey, Romanelli and Simpson.

2. The amended complaint alleged that the defendants had deprived McDowell of his civil rights by stopping and searching his automobile without probable cause, using excessive force in arresting him, violating his *Miranda* rights, and attempting to coerce a confession by detaining and harassing his family. The complaint purported to state a claim under 42 U.S.C. § 1983. It also asserted various pendent state law causes of action, including false arrest, malicious abuse of process, false imprisonment, negligence and intentional infliction of emotional distress.

3. Rule 5(e) provides that "[t]he clerk shall not refuse to accept for filing any paper presented

for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." Fed.R.Civ.P. 5(e). The Advisory Committee Notes following the 1991 amendments to Rule 5(e) explained the purpose of the rule was to protect litigants whose claims might be time-barred if their nonconforming pleadings were rejected:

> Several local district rules have directed the office of the clerk to refuse to accept for filing papers not conforming to certain requirements of form imposed by local rules or practice. This is not a suitable role for the office of the clerk, and the practice exposes litigants to the hazards of time bars; for these reasons, such rules are proscribed by this revision.

his civil rights. We agree with the district court's conclusion that the clerk improperly refused to docket the complaint because of technical deficiencies in the format of the pleading. Notably, the improperly captioned complaint was served on the defendants and alleged sufficient facts to put defendants on notice of McDowell's claims.

■ We also agree with the district court's conclusion that remittance of a filing fee is not jurisdictional and that the clerk should have accepted McDowell's complaint despite his failure to submit a filing fee or request IFP status. Although a complaint is not formally filed until the filing fee is paid, we deem a complaint to be constructively filed as of the date that the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee or the district court grants the plaintiff's request to proceed *in forma pauperis. See Rodgers ex rel. Jones v. Bowen,* 790 F.2d 1550, 1551–52 (11th Cir. 1986) (holding that a complaint is deemed "filed" for statute of limitations purposes when actually or constructively received by the court clerk—despite the untimely payment of the filing fee); *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 547 (5th Cir.1978) (holding that the untimely payment of the filing fee does not vitiate the validity of a timely filed complaint). *Cf. also Parissi v. Telechron, Inc.,* 349 U.S. 46, 47, 75 S.Ct. 577, 577, 99 L.Ed. 867 (1955) (per curiam) (untimely payment of a filing fee under 28 U.S.C. § 1917 does not vitiate the validity of a notice of appeal); *Gould v. Members of New Jersey Div. of Water Policy & Supply,* 555 F.2d 340, 341 (3d Cir.1977) ("It is thus clear that the filing fee requirement cannot operate to render untimely a notice of appeal that is timely received in the Clerk's office.").

■ Therefore, once the filing fee requirement is satisfied (either through remittance of the filing fee or the district court's grant of the plaintiff's IFP application), the filing date will relate back to the date on which the clerk received plaintiff's papers. In the present case, because the district court ultimately granted McDowell leave to proceed *in forma pauperis,* we conclude that McDowell's complaint was constructively and timely filed on October 25, 1993.

■ We cannot agree with the district court's reasoning that the fourteen-month delay between the clerk's rejection of McDowell's pleading and the submission of McDowell's IFP application somehow renders the timely filed complaint untimely. Of course, we do not suggest that a plaintiff can delay prosecution of an action indefinitely by withholding the filing fee and refusing to submit a request to proceed *in forma pauperis. See Williams–Guice v. Board of Educ.,* 45 F.3d 161, 163 (7th Cir.1995) ("[P]laintiffs should not possess an option to delay service indefinitely by declining to pay the docket fee.").

Here, however, there is no evidence that McDowell acted in bad faith or that the defendants have been prejudiced by the delay. Contrary to the defendants' assertion that McDowell has "failed to offer any explanation whatsoever why he waited an additional sixteen [sic] months ... to refile....," Appellee's Brief at 10, McDowell has offered a plausible excuse for the delay:

> After receiving a rejection notice from the clerk of courts [sic] after the statute [of limitations] had run, I figured it was hopeless to try again....[4] They sent me to jail in Chester County, then [transferred me to] Graterford, then Camphill, then back to Chester County in August of 1994....[5] In October of '94 I discovered the amended Federal Rule [sic] of Civil Procedure and realized that Delaware District Court improperly refused to file my timely complaint.

Appellant's Reply Brief at 1.

Under these circumstances, we hold that McDowell's complaint was timely filed. We,

---

4. Notably, the clerk did not apprise McDowell of the fact that the filing date would relate back to the original filing of his "Motion for Compensation."

5. McDowell was incarcerated for offenses unrelated to the October 26, 1991 incident involving the Delaware state troopers. Apparently, because of his frequent transfers between penal institutions, McDowell's mail, including the notice from the Clerk's Office, was delayed in reaching him.

of course, do not reach the merits of McDowell's claims or of the affirmative defenses raised by the defendants.

### IV.

For the foregoing reasons, we will reverse the district court's judgment dismissing the complaint and remand for further proceedings consistent with this opinion.