Donald S. SABATINI

v.

**Robert J. REINSTEIN, Dean of Temple University School of Law and Vice President, Temple University,**

**and**

**Temple University School of Law,**

**and**

**Temple University.**

**No. CIV.A. 99–2393.**

United States District Court, E.D. Pennsylvania.

Nov. 29, 1999.

---

Donald S. Sabatini, Philadelphia, PA;
Pro se.

Carrie E. Watt, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, for Defendants.

## ORDER–MEMORANDUM

LUDWIG, District Judge.

AND NOW, this 24th day of November, 1999, defendants' partial motion to dismiss counts III, IV, VII, and VIII of the amended complaint, filed *pro se*, is granted.[1]  Fed.R.Civ.P. 12(b)(6).[2]  Jurisdiction is federal question.  28 U.S.C. § 1331.

In this § 1983 case, defendants are alleged to have violated plaintiff's First and Fourteenth Amendment rights.  Factually, according to the amended complaint, plaintiff was prevented by campus police from distributing leaflets critical of Temple Law School at its graduation ceremonies in May of 1997 and 1998.[3]

■  Counts III and VII describe the claims as due process violations under the Fourteenth Amendment.[4]  "Defendants impermissibly infringed upon Plaintiff's protected Liberty Interest (under the Due Process Clause) in lawful, free exercise of his First Amendment rights to Freedom of Speech, Freedom of Assembly, Freedom of Petition, and Freedom of Association."  Amended Complaint at ¶ 62.  This wording suggests that plaintiff's inability to exercise his First Amendment rights constituted a substantive due process violation.

■  These claims come within the contours of the First, not the Fourteenth Amendment.[5]  As noted by the Supreme Court, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the

---

1.  A *pro se* complaint is held "to less stringent standards than formal pleadings drafted by lawyers"—and, under Fed.R.Civ.P. 12(b)(6), a complaint may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir.1996) (citations omitted).

2.  Counts I, II, V and VI were not the subject of the motion.

3.  Plaintiff withdrew counts IV and XIII. *See* Order of October 29, 1999.

4.  Counts III and VII refer to the 1997 and 1998 graduations, respectively, and otherwise are identical.

5.  Counts I and V allege First Amendment violations.

guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (1994) (*quoting Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)). Here, plaintiff's allegations—preventing plaintiff from distributing leaflets—plead a specific First Amendment violation, and are properly denominated as such.

Plaintiff cites the recent decision in *City of Chicago v. Morales*, 527 U.S. 41, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999), for the proposition that a First Amendment violation can also amount to a violation of substantive due process. *Morales* struck down a Chicago criminal ordinance aimed at prohibiting gang members from loitering in public places. However, *Morales* was not decided on First Amendment grounds, but rather on the ground that the ordinance was impermissibly vague under the due process clause of the Fourteenth Amendment.[6] 527 U.S. at 41, 119 S.Ct. at 1857. ("the law does not have a sufficiently substantial impact on conduct protected by the First Amendment to render it unconstitutional."). Due process is not implicated here.

**6.** Plaintiff argues that *Morales* recognizes a fundamental right to loiter, the deprivation of which would necessarily result in a due process violation. That reading is doubtful. There is dicta in part III of Justice Stevens plurality opinion, joined by Justices Souter and Ginsburg, observing that "the freedom to loiter for innocent purposes is part of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment." 527 U.S. at —, 119 S.Ct. at 1857. However, the opinion later notes that a mere impact upon "an obvious liberty interest" is not "equivalent to finding a violation of substantive due process."*Id.* — U.S. —, 119 S.Ct. at 1857 n. 19.