

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2005

# Garland v. Taylor

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3272

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Garland v. Taylor" (2005). *2005 Decisions.* Paper 1242.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-159                                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3272
_____

KENDALL LAMAR GARLAND,
Appellant

v.

LT. HORTON; OFFICER TAYLOR
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-130J)
District Judge: Honorable Kim R. Gibson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2005

Before:  ALITO, McKEE and AMBRO, Circuit Judges

(Filed    May 5, 2005   )
_____

OPINION
_____

PER CURIAM

        Kendall Lamar Garland appeals pro se the District Court's sua sponte dismissal of

his civil rights action filed pursuant to 42 U.S.C. § 1983.  Garland, a state prisoner,

alleged that the defendants, prison employees at SCI-Houtzdale, violated his

constitutional rights by denying him the opportunity at a disciplinary hearing to call witnesses and relying on insufficient evidence to convict him, by interfering with his access to the courts while he was confined in the Restrictive Housing Unit ("RHU") for thirty days, and by improperly denying his grievances regarding his disciplinary guilty finding and lack of access to the courts. Garland sought monetary damages and declaratory and injunctive relief.

The District Court dismissed the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Garland timely appealed. We exercise plenary review over a District Court order dismissing a complaint for failure to state a claim. We will affirm a dismissal for failure to state a claim if we can "say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McDowell v. Delaware State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines v. Kerner, 404

---

[1] In his original complaint, Garland named SCI-Houtzdale and the Pennsylvania Department of Corrections. The Magistrate Judge to whom the case was referred properly found that the claims against these state defendants were barred by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Garland did not object to this determination and the District Court dismissed the state defendants. The District Court also permitted Garland to file an amended complaint with respect to the prison employees sued in their individual capacities. We also note that this case was originally filed in the United States District Court for the Middle District of Pennsylvania. It was transferred to the Western District of Pennsylvania because the events and individuals concerning a claim against the last remaining defendant were located in that district.

2

U.S. 519, 520 (1972)).  For the reasons that follow, we will affirm the District Court's

orders.[2]

Garland complains that he was not allowed to call witnesses at a disciplinary

hearing and that there was insufficient evidence to find him guilty.  The Supreme Court

has recognized an inmate's qualified right to call witnesses in a disciplinary hearing, see

Wolff v. McDonnell, 418 U.S. 539, 566 (1984), and has also stated that the

decisionmaker's conclusion must be supported by at least "some evidence."

Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454- 56 (1985).  In a case such as

this one, these due process protections are not required unless the discipline at issue

imposes an "atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 (1995).  Here, Garland's

thirty-day placement in the RHU was not the sort of hardship required to confer a

cognizable liberty interest.  See Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997)

(holding that disciplinary confinement in Pennsylvania for period of fifteen months did

not exceed expected parameters of inmate sentence); Schenck v. Edwards, 921 F.Supp.

679, 687 (E.D.Wash. 1996) (concluding that plaintiff who did not lose any good-time

credits, and therefore was not deprived of a liberty interest, was not entitled to due

---

[2] Garland's claims were addressed in three separate District Court orders.

process protections set forth in <u>Hill</u>).  Thus, the District Court properly rejected Garland's due process claims.[3]

Garland also asserts that he was deprived of his constitutional right of access to the courts.  In particular, Garland alleges that he was denied access to regulations concerning disciplinary hearings, was not permitted to review his legal papers and had only limited access to mail delivery and the main prison law library while confined in the RHU, and was deprived of "adequate writing materials."  As a result, Garland claims that he was "halted from pursuing relief on any legal issue" at his disciplinary hearing, in a civil rights action, and in post-conviction ("PCRA") proceedings.

Where an inmate does not suffer an actual injury to his ability to litigate a claim, his constitutional right of access to the courts has not been violated.  <u>Lewis v. Casey</u>, 518 U.S. 343 (1996).  That injury requirement is not satisfied, however, by lack of access to a prison disciplinary hearing where the discipline is not an "atypical and significant hardship."  <u>See</u> <u>Sandin</u>, 515 U.S. at 484; <u>Lewis</u>, 518 U.S. at 354 (observing that "[n]early all of the access-to-courts cases . . . involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated . . . habeas petitions, [or] 'civil rights actions'").  In addition, Garland has not alleged any actual injury to his ability to

---

[3] To the extent Garland seeks to raise a due process claim concerning the loss of various privileges in the RHU, <u>see</u> Amended Complaint, ¶ 17-30, it is without merit. <u>See</u> <u>Sandin</u>, 515 U.S. at 484.

4

litigate a civil rights action, despite the opportunity to make such allegations.[4] See

Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Garland did suggest,

however, that his PCRA petition (due on September 7, 2003 (a Sunday)) was untimely

filed (on September 10, 2003) because he did not have sufficient access to legal material

while confined in the RHU (from June 25, 2003 to July 24, 2003) and was not provided

with "adequate writing materials" (from August 1, 2003 to September 1, 2003) .

Importantly, however, those impediments existed only for approximately two months out

of the one year within which Garland had to file his PCRA petition and disappeared one

week before the filing deadline. We note that a PCRA petition does not have to contain

argument or citation to authority, see Pa.R.Crim. P. 902, that amendments of a PCRA

petition are generally liberally allowed, see Pa.R.Crim.P. 905, and that under

Pennsylvania's prisoner mailbox rule, a pro se appeal is deemed filed as of the date it is

delivered to prison authorities or placed in the institutional mailbox. See Smith v.

Pennsylvania Bd. of Probation & Parole, 683 A.2d 278, 281 (Pa. 1996). Any failure by

Garland to file a timely PCRA petition cannot fairly be traced to his brief detention in the

---

[4] A Magistrate Judge recommended dismissing Garland's access to the courts claim because, inter alia, Garland did not allege that he suffered an actual injury to his ability to litigate a civil rights claim. Garland submitted objections and an amended complaint (which the District Court considered) but he still did not "point to evidence of actual or imminent interference with access to the courts" concerning any civil rights action. Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997).

RHU or a similarly brief lack of writing materials. Accordingly, as a matter of law, we agree that Garland failed to state a claim for denial of access to the courts.

Finally, Garland alleges that prison officials improperly denied grievances regarding the guilty finding at the disciplinary hearing and lack of access to the courts. The denial of these grievances is not unconstitutional because, as explained above, the underlying claims are without merit.

For the foregoing reasons, we conclude the appeal presents no substantial question. Accordingly, we will summarily affirm. See I.O.P. 10.6.