OPINION
PER CURIAM.
David Webb, proceeding pro se, appeals the order of the United States District Court for the District of Delaware dismissing his personal injury action as frivolous. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).
In June 2009, Webb initiated this diversity action against Warner Middle School, Red Clay Consolidated School District, and Lillian Lowery, Delaware’s Secretary of Education, by filing a complaint and motion for leave to proceed before the district court in forma pauperis. Webb, a resident of South Dakota, alleged that, during the 1974-75 school year, while a student at Warner Middle School, he was repeatedly physically assaulted by another student. In one violent assault, the student allegedly punched him in the face, breaking his nose such that he required immediate reconstructive surgery. Webb alleged that the Warner Middle School employees never reported the incident to the police or to his legal guardian. On July 2, 2009, the district court granted Webb leave to proceed in forma pauperis but dismissed the complaint pursuant to 28 U.S.C. § 1915(e) on statute of limitations grounds. Webb timely appealed the ruling to this Court.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary view over the district court’s sua sponte dismissal. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000). Because we have granted Webb in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). We *679 will dismiss an appeal under § 1915(e) if it lacks an arguable basis in fact or law. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).
The district court correctly dismissed Webb’s claim under § 1915(e)(2)(B), as his claim lacked an arguable basis in law. The statute of limitations for Webb’s action is governed by the personal injury statute of limitations in Delaware, the state in which his cause of action accrued. The statute of limitations for personal injuries in Delaware is two years. See 10 DeLCode Ann. § 8119; see also McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir.1996). Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006); Dellis v. Corr. Corp. of Am., 257 F.3d 508, 511 (6th Cir.2001); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.1995).
Here, the incidents underlying Webb’s complaint occurred in 1974 and 1975, making it apparent from the face of the complaint that the two-year statute of limitations expired well before he filed suit in 2009. In his argument in support of his appeal, Webb asserts that the statute of limitations should be equitably tolled because the defendants fraudulently concealed the assaults by failing to notify the local police and his legal guardian. However, equitable tolling occurs where the defendants have intentionally misinformed or concealed information from the plaintiff, and the limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the action. See Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir.1998). In his complaint, Webb alleges details of the assaults, including being rushed to the hospital for emergency surgery. He alleges that he had informed the school of the bullying during his attendance at the school. He further alleges that he has sustained many years of pain and suffering and that he has never regained the natural look of his nose since one of the attacks. In other words, Webb expressly admits in his complaint that he learned of his injuries more than two years before he filed • this lawsuit in June 2009.
Accordingly, Webb’s claims were filed well beyond the expiration of the applicable statute of limitations and are now time barred. We find that there was no need to provide Webb an opportunity to amend his complaint because any amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (noting that amendment “must be permitted ... unless it would be inequitable or futile”). Because we conclude that Webb’s appeal lacks an arguable basis in law, we dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).