CLD-060                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4307
_____

SALIH HALL**;
KENNETH M. SMITH*;
LLOYD DIXON, III,
Appellants

v.

GOVERNOR RUTH ANN MINNER; JOSEPH BEAU BIDEN,
ATTORNEY GENERAL OF THE STATE OF DELAWARE;
JAMES T. VAUGHN, President Judge of the Superior Court
of the State of Delaware; CARL C. DANBERG, COMMISSIONER
OF THE DELAWARE DEPARTMENT OF CORRECTIONS;
RENATA HENRY, Director of the Delaware Division of
Substance Abuse and Mental Health

* Dismissed pursuant to Clerk's Order of 11/19/09.
** Dismissed pursuant to Clerk's Order of 12/01/10.
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00392)
District Judge:  Honorable Sue L. Robinson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 9, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: January 5, 2011)

_____

OPINION OF THE COURT
_____

PER CURIAM.

Lloyd Dixon, III, a Delaware inmate, commenced this suit along with two other inmates by filing a pro se complaint in the District Court for the District of Delaware purporting to seek declaratory and injunctive relief under Title II of the Americans with Disabilities Act ("ADA").  Although the complaint sets forth numerous allegations, we briefly summarize the allegations that are relevant to our disposition of this appeal.

Dixon was convicted in 1994 of first-degree burglary; based on his history of prior felony convictions, he was sentenced as an "habitual offender" to life imprisonment.  See Dixon v. State, 673 A.2d 1220, 1223 (Del. 1996).  Under Delaware law, a life sentence is required for "[a]ny person who has been 2 times convicted of a felony ... and who shall thereafter be convicted of a subsequent felony[.]"  11 Del. Code § 4214(b).  The Delaware Supreme Court has "held that the legislature intended to reserve the habitual offender penalties for those individuals who were not rehabilitated after the specified number of separate encounters with the criminal justice system and a corresponding number of chances to reform."  Buckingham v. State, 482 A.2d 327, 330 (Del. 1984).

Dixon contends in this suit that the predicate felony convictions that formed the basis for his habitual-offender sentence were the result of conduct that he engaged in while suffering from chemical dependency or drug addiction.  He alleges that the state

2

officials named here as defendants failed, allegedly due to a discriminatory animus, to afford opportunities for Dixon to receive drug treatment following his earlier convictions. In doing so, Dixon claims, defendants failed to afford him a "chance to reform" so that he could avoid becoming an habitual offender.

Dixon asserts that his chemical dependency is a disease and "disability" under the ADA, and that his disease went untreated despite the State having received federal funds to provide treatment. Claiming that defendants were "deliberately indifferent" to his need for treatment so that he could avoid future felony convictions, Dixon asked the District Court, inter alia, to declare his habitual-offender sentence unconstitutional "because [he was] never provided the requisite number of treatment opportunities before being declared incorrigible under habitual offender proceedings." Complaint at ¶ 35. Dixon also sought class certification on behalf of other inmates similarly situated.

The District Court granted leave to proceed in forma pauperis ("IFP"). In a subsequent order, the Court dismissed the complaint sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(2) for failure to state a claim upon which relief can be granted, and determined that any amendment to the complaint would be futile. Dixon and his fellow plaintiffs timely filed this appeal.[1]

---

[1] Plaintiffs Salih Hall and Kenneth M. Smith initially joined in the appeal. Smith later voluntarily withdrew, and Hall was dismissed from the appeal after he was denied leave to proceed IFP and failed to pay the filing fee. Dixon, the lone remaining appellant, is proceeding IFP on appeal. Our review is limited to Dixon's claims.

This Court has appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's sua sponte dismissal of an IFP complaint for failure to state a claim. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court rejected Dixon's Title II claims for a variety of reasons, but we need only address one of those reasons -- the statute of limitations -- because it plainly dictates dismissal. A district court has authority to dismiss a complaint sua sponte under § 1915(e) where, as here, the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). "[T]he statute of limitations applicable to claims under Title II of the ADA … is the statute of limitations for personal injury actions in the state in which the trial court sits." Disabled in Action v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008). The state at issue here, Delaware, has a two-year limitations period. See 10 Del. Code § 8119. "[A] federal cause of action accrues when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." Disabled in Action, 539 F.3d at 209 (quotation marks omitted).

Dixon was sentenced as an habitual offender in 1994. He filed this suit thirteen years later, on June 16, 2007. Dixon is plainly time barred as to any claim that he might assert under Title II based on an alleged failure to afford treatment for his drug addiction -- treatment which, according to the complaint, should have been provided in the years prior to Dixon's 1994 sentencing as an habitual offender. It is clear that any amendment

4

to the complaint to correct this defect would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Insofar as Dixon's pro se complaint can be read liberally to assert a claim under 42 U.S.C. § 1983, such as a claim of deliberate indifference to a past serious medical need for drug treatment, see Complaint at ¶ 31, the same two-year statute of limitations period applies. See McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir. 1996). Our review of the complaint reveals no basis for any claim under § 1983 that can be said to have accrued within two years prior to Dixon's filing of this suit on June 16, 2007.

Finally, we agree with the District Court that Dixon's request to have his sentence declared unconstitutional improperly crosses the line into a request for habeas corpus relief. As this Court has explained, "whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Title II and § 1983 do not provide a means for Dixon to overturn his presumptively valid criminal sentence.

In sum, and after a review of the entire record, we conclude that Dixon's claims were properly dismissed. Because his appeal lacks arguable legal merit, see Neitzke v. Williams, 490 U.S. 319, 325 (1989), we will dismiss it under § 1915(e)(2)(B)(i). Dixon's motion for summary action is denied.

5