DLD-288                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2240
_____

DWAYNE HENRY,
Appellant

v.

HEATHER MOORE, SCI Houtzdale Mailroom Supervisor;
JOHN DOE #1 Mailroom Inspector #3;
JOHN DOE #2 Mailroom Inspector #4

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00017)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 20, 2012
Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: October 3, 2012)
_____

OPINION
_____

PER CURIAM

Dwayne Henry, an inmate currently incarcerated at SCI Graterford in Graterford,

Pennsylvania, appeals from an order of the United States District Court for the Western

District of Pennsylvania dismissing his pro se civil rights action brought pursuant to 42

U.S.C. § 1983. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we write for the parties, we need only recite the facts necessary for our discussion. At the time Henry filed his complaint, he was incarcerated at SCI Houtzdale in Houtzdale, Pennsylvania. In his submissions to the District Court, Henry alleges that employees at SCI Houtzdale intentionally interfered with his access to the courts by failing to timely provide pieces of legal mail notifying him that the District Court had dismissed his complaint filed in Henry v. Britton (W.D. Pa. Civ No. 3:10-cv-204) for failure to state a claim, and that criminal charges had been filed against him in state court. Henry asserts that because he did not timely receive this mail, he was unable to obtain an attorney or present sufficient evidence for his preliminary hearing, and was unable to appeal the dismissal of his complaint in Henry v. Britton.

In 2011, Henry filed this civil rights action against SCI Houtzdale mailroom supervisor Heather Moore and John Does #1 and #2. A Magistrate Judge recommended that Henry's complaint be dismissed, and Henry filed objections to this recommendation and a motion for leave to amend his complaint. The Magistrate Judge granted this motion and Henry filed his amendment on April 27, 2011. Moore filed a motion to dismiss, alleging that Henry could not demonstrate any actual injury caused by the delay of his receipt of his legal mail. Henry then filed another motion for leave to amend his complaint. On March 7, 2012, the Magistrate Judge recommended that Moore's motion to dismiss be granted and denied Henry's motion to amend. On March 27, 2012, the

2

District Court entered an order adopting the Magistrate Judge's recommendation and dismissed Henry's complaint for failure to state a claim without providing him leave to amend. Henry then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). This Court affirms a dismissal of a complaint for failure to state a claim if we can "say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McDowell v. Del. State Police, 88 F.3d 188, 189 (3d Cir. 1996) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). We may affirm the District Court on any basis supported by the record.[1] Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citations omitted).

Prisoners have a right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Lewis v. Casey, 518 U.S. 343, 350 (1996). To establish a cognizable claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to

_____

[1] We note that the District Court did not provide Henry leave to amend his complaint a second time before dismissing his claims. Ordinarily, a District Court should not dismiss a pro se complaint without granting leave to amend, unless such "amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Amendment would be futile because, as discussed below, Henry's underlying claims lack merit, and we conclude that the District Court did not err in declining to allow Henry a second opportunity to amend his complaint.

3

present a claim. Lewis, 518 U.S. at 352-54. A prisoner can show an actual injury only when a nonfrivolous, arguable claim is lost. Christopher v. Harbury, 536 U.S. 403, 415 (2002); see also Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) (noting that the complainant "must describe the underlying arguable claim well enough to show that it is 'more than mere hope'"). Moreover, the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement. Lewis, 518 U.S. at 355 ("Impairment of any *other* litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration."). Furthermore, a prisoner must demonstrate that no other remedy will potentially compensate for the lost claim. Monroe, 536 F.3d at 205.

The District Court properly dismissed Henry's complaint. First, the District Court correctly determined that Henry could not demonstrate actual harm by his delayed receipt of notice of the dismissal of his complaint in Henry v. Britton because Henry himself never filed a motion to either extend the time or reopen the time to file an appeal. The District Court also properly noted that in Henry v. Britton Henry had failed to state a claim regarding either the altercation leading to his confinement in the RHU or the rejection of his administrative grievances.[2] See Sandin v. Conner, 515 U.S. 472, 484-85 (1995); Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002); Hoover v. Watson,

---

[2] This information was taken from the Magistrate Judge's Report and Recommendation filed in Henry v. Britton (W.D. Pa. Civ No. 3:10-cv-204, Docket #2.) We note that although this case is not before us on appeal, it relates to Henry's allegations that he was denied access to the courts.

886 F. Supp. 410, 418 (D. Del. 1995), *aff'd*, 74 F.3d 1226 (3d Cir. 1995). Therefore, he cannot claim that he was barred from pursuing a nonfrivolous, arguable claim by untimely receipt of the notice of dismissal. See Christopher, 536 U.S. at 415; Monroe, 536 F.3d at 205-06.

Furthermore, the District Court properly dismissed Henry's complaint because his claims surrounding his preliminary hearing on state charges do not relate to a direct or collateral challenge to his sentence or conditions of confinement; instead, they relate to his allegedly impaired ability to effectively litigate at his preliminary hearing on separate charges. See Lewis, 518 U.S. at 349. As the Magistrate Judge's Report and Recommendation correctly noted, Henry cannot claim that these consequences caused him actual injury because he would have remained incarcerated regardless of the outcome of the preliminary hearing. Finally, the District Court properly determined that, at the time of dismissal, Henry's claim that failure to receive timely notice of his state charges led to an unconstitutional prosecution was premature. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.