**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4082
_____

DWIGHT L. DAVIS,
Impropria Persona,

Appellant

v.

VICE CHANCELLOR JOHN W. NOBLE, Delaware Chancery
Court; MICHAEL P. MIGLIORE, Wilmington UDAG
Corporation; SAMUEL L. GUY LAW; FERRY JOSEPH
PEARCE; MAYOR DENNIS P. WILLIAMS; MATHEW LITNER

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-16-cv-00044)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed: March 3, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Dwight L. Davis appeals from the order of the District Court declining to reconsider the dismissal of his amended complaint. We will affirm.

I.

Davis's claims are based largely on previous litigation before the Delaware Court of Chancery. By way of publicly available background, Davis was a plaintiff in a suit seeking a declaration that he and others were proper members of the Board of Directors of the West Center City Neighborhood Planning Advisory Committee, Inc. (the "Committee"). In particular, Davis challenged application of an amendment to a Committee bylaw that would have served to strip him of that position.

In 2002, the Delaware court granted partial summary judgment in Davis's favor and invalidated the bylaw. See W. Ctr. City Neighborhood Ass'n, Inc. v. W. Ctr. City Neighborhood Planning Advisory Comm., Inc., No. Civ. A. 19557-NC, 2002 WL 1403322, at *3 (Dec. Ch. June 20, 2002). In doing so, the court directed the parties' counsel to "confer and submit an implementing form of order within ten days." Id. It is not clear whether counsel ever did so. In 2003, however, the Delaware court entered its final judgment declaring that Davis was a proper member of the Board. See W. Ctr. City Neighborhood Ass'n, Inc. v. W. Ctr. City Neighborhood Planning Advisory Comm., Inc., No. Civ. A. 19557-NC, 2003 WL 241356, at *11 (Del. Ch. Jan. 24, 2003).

Over thirteen years later, Davis filed and then amended the complaint at issue here. Davis invoked 42 U.S.C. § 1983 and named several defendants, including the chancellor who presided over the Delaware litigation and lawyers who were involved in that litigation. Davis did not assert any specific cause of action, and his amended

2

complaint is largely devoid of factual allegations. Davis alleged that an organization (apparently the Committee) "goes dark" following the 2003 order and then "resurfaces" in 2004 with an apparently different Board. (ECF No. 4 at 6.) Davis next alleged that he learned in 2011 that this "unlawfully constituted group" had been "plundering and looting resources meant to be spent on West Center City residents." (Id.) Davis's only request for relief was for the District Court to issue a "writ of mandamus" to compel the Delaware court to enforce its 2002 and 2003 orders and enter a "final judgment" that could be given full faith and credit. (Id. at 7.) He also requested that the District Court "assess damage as a result of the Court[']s failure" to do so. (Id.)

The defendants filed motions to dismiss the amended complaint on numerous grounds, including the statute of limitations. Davis then filed a motion for leave to further amend his complaint by adding two defendants, but he did not raise any additional factual allegations. By order entered August 24, 2016, the District Court granted defendants' motions, dismissed Davis's amended complaint, and denied as futile his motion for leave to further amend.

In doing so, the District Court concluded that any § 1983 claims were untimely under the two-year statute of limitations applicable to § 1983 claims arising in Delaware, see McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996), because Davis pleaded on the face of his complaint that he learned of defendants' alleged "plundering" in 2011, some five years before he filed suit. The District Court also noted that any potential § 1983 claims were subject to dismissal on other grounds, including that the Delaware court chancellor was entitled to absolute judicial immunity and that certain

3

defendants were not state actors for § 1983 purposes. Finally, the District Court declined to exercise supplemental jurisdiction to the extent that Davis's amended complaint pleaded any state-law claims. In that regard, the District Court noted that it did not have jurisdiction to issue a writ of mandamus directed to a Delaware state court. Davis then filed a motion for reconsideration and a motion to disqualify the District Judge. The District Court denied those motions by order entered November 4, 2016. Davis appeals.[1]

## II.

We will affirm largely for the reasons explained by the District Court. Davis does not raise any meaningful challenge to the District Court's rulings on appeal, but he does raise four points that we will briefly address.

First, Davis takes issue with the District Court's application of the statute of limitations. Davis asserts in his opening brief that § 1983 "has no federal statute of limitations." As noted above, however, Davis's § 1983 claims are governed by a two-year statute of limitations. The District Court properly applied that statute of limitations because the defense was apparent on the face of Davis's complaint. See Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015). Davis did not provide any potential basis for tolling in the District Court, including in his motion for leave to further amend, and he has provided no such basis even on appeal. Davis asserts without explanation that state statutes of limitations "toll based on pendency or lack of final judgment." Whatever

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We construe the District Court as having dismissed Davis's amended complaint under Fed. R. Civ. P. 12(b)(6), and we exercise plenary review over that ruling. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We review the denial of reconsideration and leave to amend for abuse of discretion, but we review underlying legal determinations de novo. See id.

Davis may be intending to argue in this regard, the Delaware court entered its final judgment in 2003. Davis also asserts in his reply brief that "fraud has no statute of limitations," which may be an attempt to invoke the doctrine of fraudulent concealment. Even if we were to consider this bare assertion made for the first time in reply, however, it remains apparent that Davis was aware of all of his alleged injuries at least by 2011.

Second, Davis faults the District Court for relying on a "habeas corpus case" in determining that it lacked jurisdiction to issue a writ of mandamus to a state court. The District Court relied for that proposition on In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam), in which we held that the District Court lacked jurisdiction to issue a writ of mandamus directed to a state court. Wolenski was not a habeas case and, even it were, that circumstance would not undermine application of its holding in other contexts. See In re Grand Jury Proceedings (Wright II), 654 F.2d 268, 278 & n.19 (3d Cir. 1981) (collecting cases for the proposition that federal courts "ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it").

Third, Davis asserts that the District Court "offer[ed] no case citations . . . for declining original jurisdiction." Davis presumably is referring to the District Court's decision not to exercise supplemental jurisdiction. The District Court did cite authority in support of that decision, and that decision was well within its discretion. See 28 U.S.C. § 1367(c); De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

Finally, Davis asserts that the District Court erred because it "accepted and adopted the defendants['] pleadings in their entirety verbatim." The District Court, however, issued its own opinion in its own words.

5

These points aside, Davis does not take issue with any of the District Court's alternative rulings or with its denial of reconsideration or disqualification. Thus, as the participating defendants argue, Davis has waived any potential arguments in those regards. Nevertheless, we have reviewed the record and perceive no error in these rulings for the reasons that the District Court explained.

## III.

For these reasons, we will affirm the judgment of the District Court. Davis's motion to strike appellee Matthew Lintner's letter docketed on January 13, 2017, is denied. We note that the letter did not raise any arguments not already raised by other appellees and that it is not necessary to our disposition.