ALD-158                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3723
_____

HOWARD WALSH,
                                        Appellant

v.

CORPORAL CHRISTOPHER POPP, DELAWARE STATE POLICE

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-17-cv-01025)
District Judge:  Honorable Richard G. Andrews

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 23, 2018
Before:  MCKEE, VANASKIE and SCIRICA, Circuit Judges

(Opinion filed:  June 7, 2018)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Howard Walsh appeals the District Court's order dismissing his complaint. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Walsh is an inmate in the James T. Vaughn Correctional Center. In his complaint, he alleged that, on October 6, 2014, a customer at a gun shop called the Delaware State Police to report suspicious activity. The police arrived, found Walsh in the parking lot, and placed him in custody. Corporal Christopher Popp, the defendant here, interrogated Walsh. Eventually, Popp, through the use of threats, induced Walsh to allow him to search his apartment, where Popp found two firearms. Walsh was eventually convicted of possession of a firearm by a person prohibited and sentenced to 33 years' imprisonment. See Walsh v. State, 143 A.3d 710 (Del. 2016) (table).

Walsh raised three claims against Popp under 42 U.S.C. § 1983. He claimed that Popp had violated his privilege against self-incrimination, had performed an unlawful search, and had failed to produce the video footage of his interrogation. The District Court screened the complaint under 28 U.S.C. § 1915(e)(2), concluded that Walsh had filed his claims after the expiration of the two-year statute of limitations, and dismissed the complaint. Walsh appealed.

We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A district court can dismiss a complaint under § 1915(e)(2) if it "fails to state a claim on which relief may be granted"; a complaint fails to state a claim if the allegations do not "plausibly give rise to

2

an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). We may affirm on any ground apparent on the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

We agree with the District Court that Walsh's claim that Popp performed an illegal search is time-barred.[1] In Delaware, the statute of limitations for a § 1983 claim is two years, see McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996), and Walsh's claim accrued when the search occurred, see Estate of Lagano v. Bergen Cty. Prosecutor's Office, 769 F.3d 850, 861 (3d Cir. 2014), on October 6, 2014. Walsh did not file his complaint until July 24, 2017, after the limitations period expired. Walsh argues on appeal that he was delayed in filing because there was a prison riot in February 2017, but that occurred after the statute of limitations had expired. Further, while Walsh alleges that Popp hindered his presentation of this claim by failing to disclose the video of the interrogation, Walsh did not need the video to know about the existence of his alleged injury. See generally New Castle Cty. v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir.1997) ("a claim accrues upon awareness of actual injury"); see also Paige v. Police Dep't of Schenectady, 264 F.3d 197, 200 (2d Cir. 2001) (per curiam) (rejecting similar argument).

---

[1] Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under § 1915(e), where, as here, the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); cf. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

3

Meanwhile, Walsh's self-incrimination claim did not accrue until his statement was used against him at trial. See Renda v. King, 347 F.3d 550, 558–59 (3d Cir. 2003); see generally Wallace v. Kato, 549 U.S. 384, 388 (2007). It appears that even this occurred more than two years before Walsh filed his complaint, but the record is not entirely clear. However, even if the claim is not time-barred, Walsh's allegations are entirely undeveloped and conclusory, and he has therefore failed "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Therefore, the District Court did not err in dismissing this claim.[2]

Finally, Walsh appears to raise a Brady claim concerning the state's failure to produce the video footage of his interrogation. This claim is barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that "a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Walsh's Brady claim implies the invalidity of his conviction, see, e.g., Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999), and, indeed, he argues that the suppression of the video prevented him from raising a successful defense in his criminal proceedings. Because Walsh has not shown that his conviction has been set aside, he cannot bring the claim at this time. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

---

[2] We are satisfied, especially in light of Walsh's failure to provide more detail before this Court, that the District Court did not err when it did not give Walsh leave to amend. See

4

Accordingly, we will summarily affirm the District Court's judgment.

---

generally <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).