ALD-226                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1432
_____

MATTHEW JONES,
                                        Appellant

v.

U.S. VICE PRESIDENT BIDEN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Action No. 1-18-cv-01380)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 2, 2019

Before:  MCKEE, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: July 23, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Matthew Jones appeals from the District Court's dismissal of his civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons discussed below, we will summarily affirm.

In September 2018, Jones filed a complaint in the District Court, seeking ten billion dollars in damages for injuries he allegedly suffered as a result of repeated rapes, beatings, and abuse, and as a result of the spread of poisoned water in Delaware. Jones claimed that former U.S. Vice President Joe Biden, the only defendant named in the complaint, was liable for the injuries. Jones alleged that he met and interacted with the defendant on several occasions between 1994 and 2003. The District Court screened the complaint, dismissed it as frivolous under § 1915(e)(2)(B)(i), and concluded that amendment would be futile. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. We construe Jones' pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and we may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

The District Court properly determined that Jones sought to bring claims under 42 U.S.C. § 1983 or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and that his claims were based on statutes that do not confer a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 279–86 (2002); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the

2

prosecution or nonprosecution of another."). To the extent that Jones alleged any proper cause of action under § 1983 or Bivens, the statute of limitations for such claims in Delaware is two years. See McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996). As Jones filed his complaint in 2018, and the most recent allegation against the defendant involves an interaction from 2003, it is obvious from the face of the complaint that Jones' claims are barred by the applicable statute of limitations. See Jones v. Bock, 549 U.S. 199, 215 (2007); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Thus, the District Court properly dismissed the complaint as frivolous and without leave to amend. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."). Accordingly, we will summarily affirm the District Court's judgment.