ALD-204                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1434
_____

MATTHEW JONES,
                                        Appellant

v.

DR. A. AHMED; FELLOWSHIP HEALTH RESOURCES
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-18-cv-01382)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 30, 2019
Before:  MCKEE, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 1, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Matthew Jones, proceeding pro se, appeals from the District Court's order dismissing his complaint. For essentially the reasons set forth by the District Court, we will summarily affirm.

On September 5, 2018, Jones submitted a complaint and an application to proceed in forma pauperis to the United States District Court for the District of Delaware. On the asserted basis of federal question jurisdiction, Jones sought two billion dollars in damages for injuries he allegedly suffered while in a court-ordered program administered by Defendant Fellowship Health Resources and under the care of Defendant Dr. Ahmed. Jones claimed that, although trials are held every month for court-ordered patients, he never received a trial date from 2007 to 2010 to plead for his release. He thus alleged that his Sixth Amendment right to trial was violated, as were various federal criminal statutes as a result of him being forced to take medications that are unhealthy for his body. In addition to being misdiagnosed with schizophrenia in violation of the Eighth Amendment, Jones alleged life-long abuse, assault, attempted murder, and rape by the Sussex County Court System and the Delaware Attorney General's Office. As in his other civil actions, Jones also sought the recusal of District Judge Andrews.

The District Court granted Jones' application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). In a Memorandum Opinion and Order entered on February 12, 2019, the District Court denied Jones' recusal motion and determined that the claims – as obvious from the face of the complaint – were barred by the statute of limitations. The court further determined that the various claims were insufficiently pled and/or failed to state a claim. While noting that many of the

2

allegations in the complaint "are conclusory and somewhat delusional," the court

nonetheless concluded that "it is possible that [Jones] could allege something that

happened within the statute of limitations." See Mem. Op. at 9. Accordingly, the court

dismissed the complaint "in part as frivolous and in part as failing to state a claim

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)." Id. at 10. The District Court stated

that the dismissal was without prejudice to Jones' amending the complaint within 21

days. Jones, rather than amending, filed a notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291, and conclude that the District Court

did not err in dismissing Jones' complaint.[1] As the District Court properly noted,

although the statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), if it

is obvious from the face of the complaint that a claim is barred by the applicable statute

of limitations, a court may dismiss the claim sua sponte. See Fogle v. Pierson, 435 F.3d

---

[1] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). The order will be final and appealable, however, if the plaintiff "declares his intention to stand on his complaint." Id. at 951–52. Although there is no "clear rule for determining when a party has elected to stand on his or her complaint," Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009), this Court has exercised jurisdiction when the plaintiff fails to amend within the time provided by the District Court. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (concluding that, because plaintiff did not move to amend within the time allotted by the district court, plaintiff "elected to stand on his complaint"). Here, Jones did not file an amended complaint within the three-week period provided by the District Court. Instead, as in C.A. No. 19-1431, Jones filed his notice of appeal. Thus, pursuant to Batoff, the District Court's February 12, 2019 order "became final after [21] days," and "by failing to move to amend within the [21] days granted by the court, [he] elected to stand on his complaint." Id. The District Court has made the same conclusion and recently entered an order directing that the action be closed.

3

1252, 1258 (10th Cir. 2006); see also Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). Here, the face of Jones' complaint shows that his claims purportedly advanced pursuant to 42 U.S.C. § 1983 are, inter alia, barred by the statute of limitations. See McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996). Additionally, even construing his pro se submission liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), we determine that Jones failed to state any claim for relief for the reasons thoroughly discussed by the District Court. See Mem. Op. at 8-9.

That leaves us to consider whether the District Judge should have recused himself pursuant to 28 U.S.C. § 455. Jones requested that the District Judge recuse because he claims that the District Judge holds him to deadlines, but does not impose consequences on defendants who fail to meet their deadlines. He further asserts that the District Judge has taken "no action on his behalf" despite being presented with evidence of fraudulent records and despite the fact that he "remains kidnapped, raped and poisoned under a false identity." See Recusal Mot. at 1. These arguments, however, merely indicate a dissatisfaction with the District Court's rulings against him. As such, they are not a proper basis for recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."). We thus do not hesitate to conclude that Jones has failed to set out any basis for recusal.

Accordingly, because this appeal presents no substantial issue, we will summarily affirm the District Court's order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6.

4