BLD-369                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3041
_____

DE SHAWN DRUMGO,
                    Appellant

v.

C/O RADCLIFF, Sgt.; C/O ENOCH TUNAMAH; C/O SYRITA BENSON WILLIAMS,
Sgt.; LT. WILLEY; C.O. ROOP; LT. JAMES FRITSCH; C.O. ANTHONY BURRIS;
JACK THODE; C.O. MCCLAIN; SGT. LEGATE; GATTIS; C.O. YOUNG; C.O.
JAMES T. WARNICK; JOHN DOES
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. No. 1-12-cv-01204)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 4, 2016

Before:  KRAUSE, SCIRICA and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: September 8, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

De Shawn Drumgo, a Delaware prisoner proceeding pro se, appeals from an order

of the District Court granting summary judgment in favor of the defendants. For the

reasons that follow, we will summarily affirm the District Court's order.

In September 2012, Drumgo filed a civil rights complaint, alleging that prison

officers and employees subjected him to unconstitutional conditions of confinement, used

excessive force against him, retaliated against him for filing civil lawsuits, and

impermissibly strip searched him on several occasions. The defendants filed a motion for

summary judgment, which the District Court granted.[1] Drumgo appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review

of the District Court's order is plenary. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir.

2004). Summary judgment is proper where, viewing the evidence in the light most

favorable to the nonmoving party and drawing all inferences in favor of that party, there

is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 423

(3d Cir. 2006). We may summarily affirm a decision of the District Court where "it

---

[1] Several months after the complaint was filed, the District Court properly dismissed several claims as time-barred. McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996) (holding that statute of limitations for § 1983 claims in Delaware is two years); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006) (noting that a district court may sua sponte dismiss a complaint under 28 U.S.C. § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required). Drumgo has not challenged this determination.

2

clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

Drumgo claimed that he was exposed to unconstitutional conditions of confinement when the defendants failed to clean up after his cellmate threw a carton containing feces at a corrections officer. The Eighth Amendment imposes upon prison officials a duty to provide "'humane conditions of confinement.'" Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 256 (3d Cir. 2010) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Unsanitary prison conditions may result in an Eighth Amendment violation. See Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992) (citing Ramos v. Lamm, 639 F.2d 559 (10th Cir. 1980)). Here, however, prison logbooks demonstrate that the tier where Drumgo was housed was cleaned on two separate occasions the day after the incident. Although Drumgo objected to the manner in which the tier was cleaned, he did not challenge the defendants' assertion that an investigation following his grievance failed to find any evidence to substantiate his claim of unsanitary conditions.

Drumgo further alleged that the defendants used excessive force on him. In assessing a prisoner's claim that excessive force was used in violation of the Eighth Amendment, we focus on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). We look to several factors in applying this test, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of

staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (citing Whitley v. Albers, 475 U.S. 312, 321 (1986)).

The first instance of alleged excessive force occurred when the defendants used pepper spray on Drumgo during a random "shakedown" of his cell. It is undisputed, however, that when the defendants opened Drumgo's cell to search it, he refused to comply with repeated orders to submit to being handcuffed. Indeed, Drumgo explained that he refused to comply because it was his understanding that his cell could not be searched without the presence of a prison lieutenant. Drumgo also conceded that he was warned about the possible use of pepper spray. In addition, although Drumgo provided a sworn statement from an inmate in an adjacent cell who reported what he heard and saw "through the side crack of [his] cell door[,]" that inmate's conclusion that the use of pepper spray was unprovoked is not supported by detailed facts. Cf. Blair v. Scott Specialty Gases, 283 F.3d 595, 608 (3d Cir. 2002) ("conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment"). Thus, we conclude that there is no competent evidence that the pepper spray was not applied in a good faith effort to maintain or restore discipline, or was applied maliciously and sadistically for the purpose of causing harm. See Jones v. Shields, 207 F.3d 491, 495-97 (8th Cir. 2000) (holding that the use of pepper spray against a prisoner was not a violation of the Eighth

4

Amendment when he had disobeyed a supervisor's order and then questioned a guard's order).

The second instance of alleged excessive force involved a corrections officer shoving Drumgo into a pole and harshly twisting his handcuffs, causing a chipped tooth, a busted lip, and wrist lacerations. The defendants argued, inter alia, that Drumgo failed to administratively exhaust this claim. We agree. The Prison Litigation Reform Act ("PLRA") prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A primary purpose of exhaustion is to alert prison officials to a problem. See Jones v. Bock, 549 U.S. 199, 219 (2007). Here, in a grievance filed on the same day as the incident, Drumgo claimed only that the corrections officer damaged his sneakers. He did not mention that a physical assault had occurred. Therefore, because Drumgo's grievance included no facts relevant to his claim of a physical assault, we conclude that he failed to exhaust his administrative remedies. Cf. Brownell v. Krom, 446 F.3d 305, 311 (2d Cir. 2006) (holding that a grievance for recovery of lost property was insufficient to exhaust a claim for intentional mishandling of property in retaliation for protected conduct).

We also agree that Drumgo failed to exhaust his claim that the defendants repeatedly performed visual strip searches of him between August 2011 and September 2011. According to the defendants, a search of prison records demonstrated that, prior to filing his complaint, Drumgo failed to file any grievance pertaining to strip searches. See

5

Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that failure to exhaust is an affirmative defense).  Other than conclusory statements in his reply to the motion for summary judgment, Drumgo did not challenge the defendants' argument that he failed to exhaust administrative remedies.[2]  See Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991) (holding that to successfully oppose a summary judgment motion, a non-movant must offer more than "mere allegations" and "vague statements").  Therefore, we conclude that the District Court properly granted summary judgment in favor of the defendants on Drumgo's strip search claim.

Finally, the District Court properly granted the motion for summary judgment on Drumgo's claim that the defendants searched his cell in retaliation for filing a separate lawsuits.  To succeed on his retaliation claim, Drumgo had to demonstrate that he was engaged in constitutionally protected conduct, that the prison officials caused him to suffer "adverse action," and that his constitutionally protected conduct was a motivating factor in the officials' decision to search his cell.  Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) (citing Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).  Notably, Drumgo did not dispute the defendants' claim that the search of his cell was routine.  Moreover, he offered no evidence of a causal link between his lawsuits and the cell search.  Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007)

_____

[2] We note that Drumgo's reply to the summary judgment motion included a grievance form pertaining to strip searches.  Notably, however, that grievance was filed in 2014, well after submission of Drumgo's complaint.  See Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (holding that exhaustion must be completed before a complaint

(stating that a causal connection may be shown by "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link."). Drumgo's retaliation claim therefore fails, and the District Court properly granted summary judgment to the defendants.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.

---

is filed).