ELD-005                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3248
_____

MATTHEW JONES,
                        Appellant

v.

RUTH ANN MINNER; TREASURER JACK MARKELL; LIEUTENANT JOHN
CARNEY; OFFICE OF THE GOVERNOR OF THE STATE OF DELAWARE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:17-cv-01837)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 4, 2019
Before:  GREENAWAY, Jr., KRAUSE, and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 8, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Matthew Jones appeals pro se from the District Court's order dismissing his complaint. Because the appeal lacks arguable merit as a matter of law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In June 2017, Jones filed a civil rights complaint in the District of Delaware.[1] The complaint raised myriad allegations of rape, murder, and kidnapping by the police and psychiatric treatment centers in Delaware. But the complaint named only the Office of the Governor of the State of Delaware and three Delaware politicians: Ruth Ann Minner, Jack Markell, and John Carney. As to those defendants, Jones alleged that they stole his identity and "shut [him] up to die in their mental health facilities and … in their prison." He also claimed that Governor Markell denied his pardon request in 2016. Citing numerous constitutional amendments and federal criminal laws, Jones requested two billion dollars in damages.

The District Court granted Jones's motion to proceed in forma pauperis, but dismissed the complaint without prejudice under § 1915(e)(2)(B)(i), holding that the "allegations … are legally and factually frivolous." In particular, the District Court concluded that the Delaware Governor's Office was not a "person" subject to liability under 42 U.S.C. § 1983, that any claims accruing before June 2015 were time-barred, that Jones lacked standing to bring claims under federal criminal laws, and that many of the

---

[1] The complaint was originally filed in the Eastern District of New York, which transferred the matter to the District of Delaware.

2

allegations were "fantastic and delusional."[2]  Although the District Court provided Jones

with 30 days to file an amended complaint against additional defendants, he failed to do

so.  Instead, Jones appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[3]  Because we granted Jones

leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i) to determine whether it should be dismissed as frivolous.  An appeal is

frivolous when it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams,

490 U.S. 319, 325 (1989).  Our review confirms that there is no arguable basis to

challenge the District Court's decision.

As the District Court noted, the Delaware Governor's Office, a state agency, is not

a "person" capable of being sued under § 1983.  See Will v. Mich. Dep't of State Police,

491 U.S. 58, 70-71 (1989).  Furthermore, Eleventh Amendment immunity bars claims for

damages against the three individual defendants insofar as they were named in their

official capacities as Governor.  See Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990).

There is also no basis to grant relief on Jones' bare bones assertion that Governor Markell

---

[2] The "fantastic and delusional" claims are, for the most part, unrelated to the named
defendants.

[3] Although the District Court dismissed Jones' complaint without prejudice, he has,
through the filing of a notice of appeal within 30 days of the dismissal, indicated his
intent to stand on the complaint.   Therefore, the appeal will not be dismissed for lack of
jurisdiction.  See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976); Batoff
v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (order becomes final where
plaintiff given 30 days to amend complaint, but instead files notice of appeal within that
time).

denied his pardon request.  See Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 464 (1981) ("pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review."); Arnold v. State, 49 A.3d 1180, 1182 (Del. 2012) ("The Delaware Pardon Process is a constitutionally created procedure giving the Governor the power to pardon an applicant unconditionally, conditionally, or not at all after receiving a recommendation by the Board of Pardons.").  As to the other individual defendants, Jones failed to plead facts that, if proven, would show their personal involvement.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").  In addition, because the statute of limitations for § 1983 claims in Delaware is two years, any of Jones' claims that accrued before June 2015 are time-barred.  See McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996).  Finally, as a private citizen, Jones lacks standing to bring criminal charges against the defendants.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Because we conclude that this appeal is legally frivolous, we will dismiss it pursuant to § 1915(e)(2)(B)(i).

4