ALD-227                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1435
_____

MATTHEW JONES,
                                        Appellant

v.

U.S. SENATOR THOMAS R. CARPER
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Action No. 1-18-cv-01383)
District Judge:  Honorable Richard G. Andrews
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 2, 2019

Before:  MCKEE, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 23, 2019)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Matthew Jones appeals from the District Court's order denying his motion to recuse the District Judge and dismissing his civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the reasons discussed below, we will summarily affirm.

In September 2018, Jones filed a complaint in the District Court, seeking ten billion dollars in damages for injuries he allegedly suffered as a result of repeated rapes, beatings, and abuse, and as a result of the spread of poisoned water in Delaware. Jones claimed that U.S. Senator Thomas Carper, the only defendant named in the complaint, was liable for the injuries. Jones alleged that he met the defendant in the 1990s and early 2000s, but that they have not had any interaction since then. Jones also filed a motion to recuse the District Judge. The District Court denied the motion for recusal and then screened the complaint, dismissed it as frivolous under § 1915(e)(2)(B)(i), and concluded that amendment would be futile. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's denial of a motion for recusal for abuse of discretion. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). We construe Jones' pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and we may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

The District Court properly denied Jones' motion for recusal pursuant to 28 U.S.C. § 455(a). Recusal under § 455(a) is required when "a reasonable person, with knowledge

2

of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004) (quotation marks and citations omitted). Jones failed to make that showing, as his motion was based solely on his displeasure with the District Judge's legal rulings. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.") (citations omitted).

The District Court properly determined that Jones sought to bring claims under 42 U.S.C. § 1983 or Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and that his claims were based on statutes that do not confer a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 279–86 (2002); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). To the extent that Jones alleged any proper cause of action under § 1983 or Bivens, the statute of limitations for such claims in Delaware is two years. See McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996). As Jones filed his complaint in 2018, and Jones has not alleged that he had any interaction with the defendant since the early 2000s, it is obvious from the face of the complaint that Jones' claims are barred by the applicable statute of limitations. See Jones v. Bock, 549 U.S. 199, 215 (2007); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); see also Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).

Thus, the District Court properly dismissed the complaint as frivolous and without leave to amend. See Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint . . . is

3

frivolous where it lacks an arguable basis either in law or in fact.").  Accordingly, we will summarily affirm the District Court's judgment.